UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM JACK HOWARD, SR., | ) | Case No. 1:23-cv-1785 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Thomas M. Parker |
| | ) | |
| OHIO ADULT PAROLE AUTHORITY, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

*Pro se* plaintiff William Jack Howard, Sr. filed this civil rights action against the Ohio Adult Parole Authority and Warden Jennifer Gillece Black. (ECF No. 1.) For the following reasons, the Court dismisses the action.

### STATEMENT OF FACTS

Plaintiff's complaint concerns a violation of his State post-release control while under the supervision Adult Parole Authority. On May 22, 2023, following a violation hearing, the APA found that Plaintiff violated the terms of his post-release control and imposed a prison sanction. Currently, Plaintiff is incarcerated at the Lorain Correctional Institution.

Plaintiff disputes the evidence presented at the hearing and claims the witnesses fabricated the evidence. (ECF No. 1-1.) He claims that Akron police officers "maliciously photoshopped, manufactured" the video presented into evidence and the APA's hearing officer concealed this wrongdoing and prosecuted Plaintiff for crimes

he did not commit. (*Id.*, PageID ##12, #13.) Plaintiff brings claims of conspiracy and sham legal process.

In his request for relief, Plaintiff seeks immediate release from his APA supervision, as well as his immediate release from prison, and he asks the Court to issue a "prohibitive injunction" against the Akron Police Department, the Summit County courts, and the APA. Also, he asks the Court to prosecute "all mentioned." (*Id.*, PageID #15.)

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, 28 U.S.C. § 1915(e) requires a district court to dismiss an *in forma pauperis* action if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief

above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Where a plaintiff challenges the validity of his conviction or sentence, and the relief he seeks is immediate or speedier release, he must seek habeas corpus relief under 28 U.S.C. § 2254 rather than relief in a Section 1983 civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, it appears that Plaintiff challenges his conviction and the post-release control portion of his sentence, and he is seeking to have that portion of his sentence terminated. Also, Plaintiff seeks his immediate release from prison. Therefore, Plaintiff's sole federal remedy, if any, must come on a petition for a writ of habeas corpus. *See, e.g., Williams v. Ohio*, No.1:21-cv-1018, 2021 U.S. Dist. LEXIS 168539, 2021 WL 4060383, at *2 (N.D. Ohio Sept. 7, 2021) (dismissing civil rights complaint brought by Ohio prisoner seeking release from post release control portion of his sentence).

3

To the extent Plaintiff seeks injunctive relief, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars that claim. *Heck* held that a plaintiff has no cognizable damages claim for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. *Heck* applies to actions seeking injunctive relief. *See Wilson v. Kinkela*, No. 97-4035, 1998 U.S. App. LEXIS 9341, 1998 WL 246401, at *1 (6th Cir. May 5, 1998).

Here, Plaintiff's claims of conspiracy and sham legal process necessarily imply the invalidity of his conviction and sentence, but nothing in the complaint suggests that his conviction or sentence has been overturned, expunged, or called into question in any of the ways articulated in *Heck*. Accordingly, *Heck* bars his civil rights claims. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (affirming dismissal because the plaintiff's confinement has not been remedied by any of the procedures listed in *Heck*, "the district court properly found that his claims are not cognizable").

And to the extent Plaintiff claims Defendants' actions constitute criminal conduct and he seeks criminal charges in federal court, Plaintiff lacks standing. Only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); *Miller-El v. Ohio*, No. 1:22-cv-686, 2022 U.S. Dist. LEXIS 137392, at *6 (N.D. Ohio Aug. 2, 2022). A private citizen has no authority to initiate

4

a federal criminal prosecution. *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing, among authority, *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)); *Poole v. CitiMortgage, Inc.*, No. 14-cv-10512, 2014 U.S. Dist. LEXIS 135488, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing, among authority, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.")).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's complaint (ECF No. 1). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision may not be taken in good faith.

**SO ORDERED.**

Dated: January 16, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio